UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHARON SEDLOFF,

  Plaintiff,

vs.         Case No.: 6:17-CV-102-ORL-28-GJK

DIALAMERICA MARKETING,
INC., D/B/A DIALAMERICA, INC.,
a Foreign for Profit Corporation,

  Defendant.
_____/

## VERIFIED COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, SHARON SEDLOFF, by and through undersigned attorney, and sues the Defendant, DIALAMERICA MARKETING, INC., D/B/A DIALAMERICA, INC., a Foreign Corporation, and alleges as follows:

### INTRODUCTION

1. This is an action by the Plaintiff against her former employer for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages, reasonable attorney's fees, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

### JURISDICTION

3. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 28 U.S.C. §1331 and the

FLSA.

## VENUE

4. The venue of this Court over this controversy is proper based upon the claim arising in Orange County, Florida. Defendant is a Foreign for Profit Corporation that operates and conducts business in, among others, Orange County, Florida; and is therefore, within the jurisdiction of this Court.

## FACTS

5. Defendant, DIALAMERICA MARKETING, INC., D/B/A DIALAMERICA, INC., provides call center outsourcing services (sales and customer service).

6. Defendant, DIALAMERICA MARKETING, INC., D/B/A DIALAMERICA, INC., has 19 state-of-the-art U.S. call centers located in: Phoenix, AZ, Jacksonville, FL, Orlando, FL, Port Richey, FL, Athens, GA, Oak Brook, IL, Indianapolis, IN, Omaha, NE, Mahwah, NJ, Rochester, NY, Fairlawn, OH, Middleburg Heights, OH, Westlake, OH, Erie, PA, Pittsburgh, PA, North Charleston, SC, Gray, TN, Knoxville, TN, and El Paso, TX.

7. Plaintiff worked as an "administrative assistant" for the Defendant and performed related activities in Orange County, Florida.

8. In this capacity, Plaintiff performed related activities including: checking sales representative activities, correct mistakes, enter schedules, answer administrative assistant calls, assisted with payroll, assist with direct deposits and income verification, etc.

9.   Plaintiff worked for the Defendant from approximately January 2009 through October 3, 2016.

10.   Initially when Plaintiff became a full-time employee in 2013, Plaintiff's compensation was a regular rate of pay of approximately $12.00 per hour.

11.   Eventually, Plaintiff's regular rate of pay was increased to approximately $12.31 per hour.

12.   Plaintiff worked overtime hours throughout her period of full-time employment, during one or more weeks.

13.   Despite working more than forty hours per week during one or more weeks, Plaintiff was not paid all compensation for all hours worked.

14.   Defendant was aware of the overtime hours worked.

15.   Plaintiff was eligible for overtime provided she worked more than forty (40) hours per week.

16.   However, Defendant did not count and/or record all the hours Plaintiff worked towards her weekly total of hours.

17.   Defendant would request plaintiff to adjust her time down to forty hours per weeks.

18.   Defendant did not add the overtime hours worked for the pay period, during one or more weeks.

19.   Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COVERAGE

20. At all material times relevant to this action (2014-2016), Defendant, DIALAMERICA MARKETING, INC., D/B/A DIALAMERICA, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

21. At all material times relevant to this action (2014-2016), Defendant, DIALAMERICA MARKETING, INC., D/B/A DIALAMERICA, INC., made gross earnings of at least $500,000 annually.

22. At all material times relevant to this action (2014-2016), Defendant, DIALAMERICA MARKETING, INC., D/B/A DIALAMERICA, INC., accepted payments from customers based on credit cards issued by out of state banks.

23. At all material times relevant to this action (2014-2016), Defendant, DIALAMERICA MARKETING, INC., D/B/A DIALAMERICA, INC., routinely ordered materials or supplies from out of state. (i.e. telephones, computers, printers, headphones, office equipment and supplies, etc.).

24. At all material times relevant to this action (2014-2016), Defendant, DIALAMERICA MARKETING, INC., D/B/A DIALAMERICA, INC., had 2 or more employees engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce. (i.e. telephones, computers, printers, headphones, office equipment and supplies, etc.).

25. At all material times relevant to this action (2014-2016), Plaintiff was individually engaged in interstate commerce during her employment with Defendant, by working with supplies and equipment from out of state.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

26. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25 above.

27. Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

28. During Plaintiff's employment with Defendant, Plaintiff worked overtime hours but was not paid time and one half time compensation for the same, during one or more weeks.

29. Specifically, Defendant would request plaintiff to adjust her time down to forty (40) hours each week.

30. During Plaintiff's full-time employment, she was not paid for an average of five (5) to fifteen (15) hours per workweek, during one or more weeks.

31. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

32. Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

33. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

34. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by Plaintiff for which Defendant did not properly compensate, liquidated damages or in the alternative, pre-judgment interest, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

35. Plaintiff demands a jury trial on all issues so triable against Defendant.

Dated this 19th day of January, 2017.

Respectfully submitted,

Aaron Hines, Esquire
FBN 81690
MORGAN & MORGAN, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 428-6241
Facsimile: (407) 245-3342
Email: AHines@forthepeople.com
*Trial Attorneys for Plaintiff*

## 28 U.S.C. § 1746 Declaration Under Penalty of Perjury

I, SHARON SEDLOFF, declare under penalty of perjury that the foregoing is true and correct.

DATED this 17 day of January, 2017.

SHARON SEDLOFF